UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO, NEW YORK
SHIPPING ASSOCIATION, NYSA-ILA FRINGE
BENEFITS ESCROW FUND, by its individual
trustees, NYSA-ILA CONTAINER ROYALTY
FUND, by its individual trustees, NYSA-ILA
MONEY PURCHASE PENSION FUND AND
PLAN, by its individual trustees,

                         Plaintiffs,

                    -against-

AMERICAN STEVEDORING, INC.,

                         Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-1325 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

       Plaintiffs International Longshoremen's Association, AFL-CIO ("ILA"), New York Shipping Association, Inc. ("NYSA"), NYSA-ILA Fringe Benefits Escrow Fund ("FBE Fund"), NYSA-ILA Container Royalty Fund ("CR Fund"), and NYSA-ILA Money Purchase Pension Fund and Plan ("MPP Fund") brought this action against Defendant American Stevedoring, Inc. ("ASI") under the Labor Management Relations Act, 29 U.S.C. § 185, et seq. ("LMRA"), to confirm and enforce an arbitration award entered pursuant to the parties' collective bargaining agreement. (See Compl. (Dkt. 1).) In addition, MPP Fund sought relief pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (g). (See id.)

       On August 27, 2012, Plaintiffs moved for summary judgment. (Dkt. 19.) On March 5, 2013, the court granted Plaintiffs' motion and referred the matter to Magistrate Judge Robert M. Levy to conduct an inquest and issue a report and recommendation ("R&R") as to the amount of

1

relief owed MPP Fund under ERISA. (Dkt. 20.) Plaintiffs also moved for attorney's fees and costs. (May 10, 2013, Mot. for Attorney's Fees & Costs (Dkt. 24).)

Judge Levy issued his R&R on November 25, 2013. (Dkt. 27.) He recommended that MPP Fund be awarded prejudgment interest on unpaid contributions, liquidated damages in an amount equal to the prejudgment interest on unpaid contributions, $5,683.21 in attorney's fees, and $350 in costs. (Id. at 9.) He also recommended that interest be considered to accrue from February 9, 2012, until the date of entry of judgment and thus declined to calculate a specific amount of interest because it would depend upon the date on which this court entered its judgment. (Id. at 5.)

No party has objected to the R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2); (see also R&R at 6.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court adopts the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and calculates the final interest award.

At all relevant times, the interest rate prescribed by statute was three percent per annum. (R&R at 5.) The amount of unpaid contributions is $76,427. (Id.) Simple interest on that amount from February 9, 2012, until the date of judgment, January 10, 2014, amounts to $4,396.55.[1]

Judge Levy further recommended that MPP Fund was entitled to liquidated damages. (Id. at 6.) If the agreement does not specify liquidated damages, as MPP Fund's does not, liquidated damages should be equal to the amount of the interest award. (Id. (citing Bd. of Trs.

---

[1] Simple interest is the product of the principal debt multiplied by rate and time (approximately 23 months, or 1.92 years).

2

<u>Of Pointers, Cleaners, and Caulkers Welfare Pension Fund & Annuity Fund v. Super Eagle Contracting, Inc.</u>, No. 12-CV-0399, 2013 WL 802034, at *4 (E.D.N.Y. Jan. 16, 2013), <u>adopted by</u> 2013 WL 802847 (E.D.N.Y. Mar. 5, 2013)).) As a result, MPP Fund is entitled to another $4,396.55 in liquidated damages.

The court ADOPTS the R&R in its entirety and awards $4,396.55 in prejudgment interest on unpaid contributions, $4,396.55 in liquidated damages, $5,683.21 in attorney's fees, and $350 in costs.

SO ORDERED.

Dated: Brooklyn, New York
January /o , 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3